# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

TERRANCE GRISSOM,

    Plaintiff,

  v.             Case No. 05-C-614

EDWARDS, *et al.*,

    Defendants.

**ORDER**

The plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform Act (PLRA) enacted April 26, 1996, the plaintiff is required to pay the statutory filing fee of $250.00 in full for this action. 28 U.S.C. § 1915(b)(1). *In forma pauperis* status, if granted, would allow the plaintiff to pay the filing fee in increments and would preclude dismissal of this action solely for the plaintiff's inability to pay the initial partial filing fee. 28 U.S.C. § 1915(b).

The PLRA provides, however, that if a prisoner has filed three or more actions or appeals that have been dismissed as frivolous or malicious or for failure to state a claim upon which relief can be granted, the prisoner will be prohibited from bringing any other actions *in forma pauperis* unless the prisoner is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), the "threat or prison condition [must be] real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002). Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). Plaintiff has brought four actions that

have been so dismissed. Accordingly, he may only proceed *in forma pauperis* in this case if he is in imminent danger of serious physical injury.

Plaintiff's complaint, which is his fourteenth in the last six months, is strikingly similar in its allegations to some of his earlier complaints. Count 1 alleges that Defendant Edwards threw disinfectant liquid in plaintiff's eyes and slammed an upper trap on his finger, causing it to bleed, then denied him medical help. No date is given for these events. Count 2 alleges that on May 30 or 31, 2005, Defendant Stanolis deprived the plaintiff of a meal. Count 3 alleges that on May 16, 2005, Defendant Wallie Bump knowingly allowed prison staff to strike plaintiff in the head and stick an unknown hard object in his rectum, causing it to bleed. Staff then denied plaintiff medical attention and placed him in a room "at below . . . freezing temperature." Count 4 alleges that on May 29, 2005, Defendant Kemper removed plaintiff's mattress and forced him to sleep on a bed frame, causing him back pains. A staff member also stuck a finger in plaintiff's rectum, causing pain and bleeding. Count 5 alleges that Defendant Quala Champagne, a prison warden, "imposed arbitrary punitive restrictions on plaintiff without due process." Count 6 alleges that Defendant Joseph Cannon, plaintiff's fellow inmate, threatened to kill him and to assault his children. No date is given for the threat.

The Seventh Circuit has recognized that "[f]requent filers sometimes allege that they are in imminent danger so they can avoid paying a filing fee." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). As such, when they allege only a past injury that has not recurred, courts may still deny them leave to proceed *in forma pauperis*. *Id.*, *see, e.g.*, *Abdul-Akbar v. McKelvie*, 239 F.3d 307 (3rd Cir. 2001) (being sprayed with pepper spray once not imminent danger); *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996) (being given Ibuprofen instead of something stronger for injury, now healed, is not imminent danger).

2

In this case, Counts 1,3,4, and 6 arguably allege serious physical injury. Only Count 6, however, alleges that the injury is imminent, as opposed to past. The past injuries to plaintiff allegedly occurred when he was held at the Wisconsin Resource Center. Plaintiff has now been transferred to the Racine Correctional Institution. Count 6 alleges no viable claim over which this court has jurisdiction. Defendant Cannon is neither a state actor suable under § 1983 nor a citizen of another state, over state-law claims against whom the court might exercise diversity jurisdiction. Because plaintiff's only claim alleging imminent danger of serious physical harm will be dismissed upon screening, *in forma pauperis* status will be denied pursuant to 28 U.S.C. § 1915(g).

**NOW, THEREFORE, IT IS ORDERED** that within twenty-one days of the date of this order, the plaintiff shall forward to the clerk of this court the full filing fee of $250. Failure to pay the full filing fee within the time specified will result in dismissal of this matter, possibly with prejudice, pursuant to Fed. R. Civ. P. 41(b) and Civil L.R. 41.3 (E.D. Wis.).

Upon payment of the full filing fee, the court will determine whether the action can continue to proceed. The court will review the complaint to determine that the action is not frivolous or malicious and that the complaint states a claim upon which relief can be granted. If the complaint does not meet this standard, the action will be dismissed.

**IT IS ALSO ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

Dated this ___1st___ day of July, 2005.

s/ William C. Griesbach
William C. Griesbach
United States District Judge